UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 18-10077 MRW | Date | February 13, 2019 |
| Title | Ellis v. Dun and Bradstreet, Inc. | | |

Present: The Honorable   Michael R. Wilner

| Veronica Piper | CS 2/13/2019 |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff:
Steven Gebelin

Attorneys Present for Defendant:
Ashley Kissinger
Scott Humphreys

**Proceedings:**   ORDER RE: SCHEDULING

  1. The Court conducted its initial case management conference with the parties. In light of the discussion and the issues raised in the parties' Rule 26 submission, the Court sets the following case management dates and parameters.

  2. On the defense's assertion that it plans to file the anti-SLAPP motion, pending discovery in the action is stayed temporarily. Defendant will file its anti-SLAPP motion by or before February 27. The parties will meet one week after that filing to discuss limited discovery proceedings relevant to the motion (potentially to include moving forward with some or all of the outstanding discovery requests) and a proposed briefing schedule for the motion.[1] The Court will review a joint submission from the parties on these topics filed by March 13.

  3. Defendant will produce its initial disclosures to Plaintiff by February 15 and upon the execution of an appropriate protective order. (If there's a signed proposal, produce the materials while you're waiting for Judge Wilner to approve.) If the parties cannot agree on a protective order, the Court may conduct expedited proceedings to resolve the dispute. A Rule 37(a)(5) fee shift may apply to such proceedings.

  4. The Court defers making other Rule 16 scheduling decisions until the anti-SLAPP issue is developed further.

---

  [1] The Court acknowledges the import of the Ninth Circuit's rulings in Sarver v. Chartier, 813 F.3d 891 (9th Cir. 2016) (state code provision requiring filing of anti-SLAPP motion within 60 days of service of complaint inapplicable in federal court), and Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832 (9th Cir. 2001) (state code's post-motion automatic discovery stay inapplicable in federal court, but district court retains discretion to limit discovery to contours of motion).

: 52
Initials of Preparer:  vp