Ashley I. Kissinger, SBN 193693
kissingera@ballardspahr.com
BALLARD SPAHR LLP
1225 17th Street, Suite 2300
Denver, CO  80202
Telephone: (303) 376-2407
Facsimile: (303) 296-3956

Scott S. Humphreys, SBN 298021
humphreyss@ballardspahr.com
BALLARD SPAHR LLP
2029 Century Park East, Suite 800
Los Angeles, CA  90067
Telephone: (424) 204-4400
Facsimile: (424) 204-4350

Attorneys for Defendant
DUN & BRADSTREET, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. JONATHAN C. ELLIS, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DUN AND BRADSTREET, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | Case No. 2:18-cv-10077-MRW<br><br>**DEFENDANT DUN & BRADSTREET, INC.'S UNOPPOSED APPLICATION FOR LEAVE TO FILE MATERIAL UNDER SEAL** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:** Pursuant to Local Rule 79-5 and the Stipulated Protective Order entered February 21, 2019 (ECF No. 25), Defendant Dun & Bradstreet, Inc. ("D&B") hereby submits this unopposed application for leave to file under seal the following:

1. The complete, unredacted version of the Reply Brief in Support of Dun & Bradstreet's Special Motion to Strike Under California's Anti-SLAPP Statute (CCP § 425.16) ("Reply Brief") which contains sections that identify the location of D&B's servers and deposition testimony related to D&B's confidential and proprietary processes and vendor relationships;

2. The complete, unredacted Declaration of Ashley I. Kissinger in Support of Dun & Bradstreet's Reply Brief ("Kissinger Declaration") with unredacted Exhibits A, B, and C, which contain interrogatory responses and deposition testimony related to D&B's confidential and proprietary processes and vendor relationships; and

3. The complete, unredacted Second Declaration of Randall L. Mellinger in Support of Dun & Bradstreet's Special Motion to Strike Pursuant to Cal. Code Civ. Proc. § 425.16, which contains information identifying the location of D&B's servers.

Pursuant to L.R. 79-5.2.2(a)(iii), redacted versions of the foregoing documents are contemporaneously being filed with the Court with the redactions being narrowly tailored to protect from public disclosure only the specific information that is highly confidential and proprietary, such that a majority of the documents will be made available to the public. Each document has been conspicuously labeled "REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL."

## REASONS SUPPORTING RELIEF

The Reply Brief and the Exhibits to the Kissinger Declaration contain information that D&B has designated as "Confidential" under the protective order in this action, including without limitation, confidential business information and other sensitive business data concerning D&B's business operations, vendor relationships, and employees. Kissinger Decl. ¶ 5. The instant application is unopposed, and as set forth in the accompanying declaration, compelling reasons exist to prevent the public disclosure of these documents and information. *See* Protective Ord., ECF No. 25, ¶ 12.3; L.R. 79-5.2.2(a).

"A party seeking to seal a judicial record" related to a dispositive motion "bears the burden of overcoming [the] strong presumption [of public access] by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To maintain the confidentiality of its business information, D&B "must 'articulate compelling reasons supported by specific factual findings' . . . that outweigh the general history of access and the public policies favoring disclosure." *Id.* (alteration omitted) (quoting *Foltz*, 331 F.3d at 1135). The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret and articulate the factual basis for its ruling," "without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1096-97 (9th Cir. 2016) (alteration and citations omitted). "What constitutes a compelling reason is [a determination] best left to the sound discretion of the trial court." *Id.* at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

In general, compelling reasons to allow filing under seal exist when such court files might become a vehicle for improper purposes, "such as the use of

records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). The Ninth Circuit has adopted the definition of "trade secrets" set forth in the Restatement of Torts, holding that "[a] trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement of Torts § 757 cmt. b). "Compelling reasons" may also exist if sealing is required to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Elec. Arts, Inc. v. U.S. Dist. Ct. (In re Elec. Arts, Inc.)*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon*, 435 U.S. at 598).

Here, compelling reasons exist to prevent the public disclosure of the confidential information contained in D&B's Reply Brief, Mellinger Declaration, and the Exhibits to the Kissinger Declaration. The public's interest in accessing the confidential information in these records is relatively low, whereas there is a substantial risk that D&B might suffer significant competitive harm if the information is made public. Kissinger Decl. ¶¶ 5-6. Information relating to D&B's internal processes and business relationships is protected by D&B as confidential and is not publicly disclosed. *Id*. ¶¶ 4-5. This data concerns D&B's business procedures, which are the result of over one hundred years of operations. *Id*. ¶¶ 3-4. If D&B's confidential business information is filed publicly, D&B's competitors would be privy to its confidential internal practices and procedures, giving them a competitive advantage and allowing them to undermine D&B's position in the marketplace.

## **CONCLUSION**

For the foregoing reasons, Dun & Bradstreet respectfully requests that the Court grant this application and issue an Order permitting the redacted portions of D&B's Reply Brief, the Declaration of Ashley I. Kissinger, and the Exhibits thereto, and the Second Declaration of Randall L. Mellinger be filed under seal.

DATED: September 17, 2019

Ashley I. Kissinger
Scott S. Humphreys
BALLARD SPAHR LLP

*/s/ Ashley I. Kissinger*
Ashley I. Kissinger

Attorneys for Defendant
DUN & BRADSTREET, INC.

5

# DECLARATION OF ASHLEY KISSINGER

I, Ashley I. Kissinger, declare as follows:

1. I am an attorney with the law firm of Ballard Spahr, LLP, counsel of record for Defendant Dun & Bradstreet ("D&B"). Except where specifically supported by citation to other documents, I have personal knowledge of the facts set forth herein, and I could and would competently testify to them under oath if called to do so. I make this declaration in support of D&B's Application for an Order Granting Leave to File Documents Under Seal.

2. Plaintiff Jonathan C. Ellis ("Plaintiff") and D&B stipulated to a Protective Order for designation of materials as "Confidential" that this Court entered on February 21, 2019. (*See* ECF No. 25.)

3. D&B is a mercantile agency (a business or commercial credit agency) headquartered in Short Hills, New Jersey. Founded in 1841, and in continuous operation since, D&B is the global leader in commercial data and analytics. The company's database contains more than three hundred million global business records.

4. The backbone of the company's business, and what it is most known for, are services that provide customers with insight primarily to evaluate credit risk, including both a business entity's willingness and ability to meet financial obligations. D&B collects information that is likely material to D&B customers who are making business credit and other risk related decisions. D&B uses proprietary data analytics processes to evaluate the data it receives and produce the reports on businesses to which the data relates. In sum, D&B's service includes discovery, curation, analysis, and presentation via reports to customers about a business entity and its principals. These reports are available on the internet to D&B's subscribers as well as to any individual or company who wishes to purchase them.

1

5. The deposition testimony and interrogatory responses cited in D&B's Reply Brief, as well as in Plaintiff's Brief in Opposition to D&B's Motion to Strike under California's Anti-SLAPP Statute, disclose confidential information about D&B's business operations that is not publicly available. This includes, without limitation, the name of a company that D&B has contracted with to provide information relevant to D&B's reports, the location of D&B's servers, and sensitive and confidential information about D&B's internal practices and procedures.

6. D&B has invested substantial time and resources developing its practices and procedures, and permitting public access to this information would allow D&B's competitors the opportunity to copy or otherwise use this information to D&B's competitive disadvantage.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated:   September 17, 2019

                                         */s/ Ashley I. Kissinger*
                                         Ashley I. Kissinger

2