UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

| Present: | Hon. Michael R. Wilner, U.S. Magistrate Judge | |
|---|---|---|
| | Veronica Piper | n/a |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys for Plaintiff: | Attorneys for Defendant: |
| | n/a | n/a |

**Proceedings:** ORDER RE: ANTI-SLAPP MOTION

## Introduction and Summary of Ruling

1. This is a case of mistaken identity and the consequences that followed. Dun & Bradstreet, a major business news service, wrongly reported that a local physician had been arrested on child sex charges. The doctor sued for libel. In response, the company seeks to dismiss the action based on California's anti-SLAPP statute.

2. After extensive discovery and supplemental briefing, the Court conducted an extended hearing with the parties. (Docket # 27, 40, 43, 46, 55.) At the hearing, the Court discussed its analysis of the adequacy of Defendant's motion to strike the complaint pursuant to the anti-SLAPP statute. The Court subsequently reviewed the parties' post-hearing submissions. (Docket # 58, 60, 61.)

3. The Court concludes that Dun & Bradstreet is entitled to consideration of its dismissal motion. That is, the company's motion falls within several categories of the statute that allow for expedited consideration of the dismissal request.

4. However, fairly applying federal summary judgment standards to the motion, the Court concludes that genuine issues of material fact preclude dismissal at this stage. The motion will be denied. This order summarizes the key aspects of the Court's analysis of the motion in conjunction with its statements at the hearing.

## Facts

5. The following facts are uncontroverted and taken from the parties' papers. Plaintiff Dr. Jonathan C. Ellis is a Board-certified gastroenterologist practicing in Beverly Hills. Plaintiff owns and operates an outpatient surgical facility, the Doheny Endosurgical Center. (Docket # 1 at 2, 3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

     6.    Defendant Dun & Bradstreet creates and disseminates business reports for commercial subscribers. (Docket # 1 at 2, 3.) D&B provides reports about Dr. Ellis's medical business. (Docket # 27 at 8; Docket # 43 at 18.)

     7.    D&B uses research vendors to compile news reports about the businesses that the company monitors. (Id.) In 2018, a vendor provided D&B with a news report taken from an article in the Los Angeles Times. The article discussed the arrest of Dr. Jonath*o*n Ellis of Long Beach, California, on charges of possessing child pornography and arranging sex with a minor. (Docket # 43 at 18; 43-5 at 152-53.) The vendor linked the news report to Jonath*a*n Ellis and the Doheny Center, Plaintiff's medical practice. (Docket # 27 at 8.)

     8.    D&B added a "Special Event" to the Doheny Center's business report consisting of the L.A. Times story about the sex crimes arrest of Dr. Ellis. (Docket # 43 at 18.) The D&B analyst handling this notice (Mr. Mellinger) testified that he did not notice that the name in the newspaper report (Jonath*o*n) was spelled differently than Plaintiff's name (Jonath*a*n). (Docket # 27 at 13.) He also apparently did not recognize that the allegedly bad Dr. Ellis practiced medicine in Long Beach, while the presumptively good Dr. Ellis practiced in Beverly Hills.

     9.    Mr. Mellinger did not do any substantive investigation into the Ellis/Ellis issue other than confirming that the good Dr. Ellis was associated with the Doheny Center. If Dun & Bradstreet had examined open-source materials (such as records from the state medical board in California), it would have learned that the good Dr. Ellis was considerably older than the arrested Dr. Ellis based on the age and photo published in the L.A. Times article. He also had had substantially different medical and professional qualifications than his arrested colleague.[1]

     10.    D&B sent the Special Event alert to five or six subscribers; it was viewed by several of them. (Docket # 43 at 18.) The Special Event negatively impacted the Doheny Center's creditworthiness rating in its business report. (Docket # 1 at 2.) Plaintiff learned

---

[1] The good Dr. Ellis is a double graduate of Stanford, conducted his internship and residency at Cedars-Sinai Hospital and his fellowship at UCLA, and is Board-certified in gastroenterology and internal medicine. (Docket # 44 at 2.) The other Dr. Ellis was identified in the L.A. Times as having "studied medicine in Henderson, Nevada," and working as a resident in Long Beach. (Docket # 43-5 at 153.) According to Plaintiff's attorney, no record of this practitioner is listed with the California or Nevada medical boards. (Docket # 43-5 at 2-3.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

about the negative report from Dun & Bradstreet when a Doheny Center vendor terminated the Center's credit. (Docket # 44 at 2-3, Ellis Decl.)

11. D&B promptly removed the Special Event when it learned of its error. Defendant sent a correction notice to the companies who accessed the Center's report after the Special Event was posted. (Docket # 27 at 8.)

**Relevant Law and Standards of Review**

12. D&B moved to dismiss the action based on California's anti-SLAPP statute. (Docket # 27.) The statute permits a defendant to file a special motion to strike claims if the claims arise from the defendant's free speech rights "in connection with a public issue." Cal. C.C.P. § 425.16(b)(1).[2]

13. California anti-SLAPP motions require a two-step analysis. The moving defendant must first "make a prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's constitutional right to free speech." Makaeff v. Trump Univ., LLC, 715 F.3d 254, 261 (9th Cir. 2013). The burden then shifts to the plaintiff "to establish a reasonable probability that it will prevail on its claim in order for that claim to survive dismissal." Id.

14. Because of conflicts between federal and state pleading rules, federal courts review anti-SLAPP motions under different standards. Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress, 890 F.3d 828, 832 (9th Cir. 2018) ("we will review anti-SLAPP motions to strike under different standards depending on the motion's basis. Our interpretation eliminates conflicts between California's anti-SLAPP law's procedural provisions and the Federal Rules of Civil Procedure.") If the defendant challenges the legal sufficiency of the complaint, the court treats it as a motion under Federal Rule of Civil Procedure 12(b)(6). If the defendant challenges the factual sufficiency of a claim, the court applies the summary judgment standard under Rule 56. Id. at 834.

15. Here, Defendant challenges the factual sufficiency of Plaintiff's complaint; the Rule 56 standard applies. Summary judgment is therefore appropriate when there is

---

[2] This Court has jurisdiction over Plaintiff's state law defamation claim based on diversity of citizenship. Federal courts sitting in diversity may properly rule on anti-SLAPP motions. United States ex rel. Newsham v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 973 (9th Cir. 1999).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A "genuine issue" exists only if there is a sufficient evidentiary basis upon which a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The Court views the evidence and inferences drawn from the underlying facts in a light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

\* \* \*

16. The state anti-SLAPP statute offers several methods by which a defendant may show that its acts were in furtherance of free speech rights and "in connection with a public issue." Under CCP section 425.16(e)(2), speech that is "in connection with an issue under consideration or review by a legislative, executive, or judicial body" falls within the statutory definition of potentially protected speech. Examples of such speech include news reporting on public events and actions. "Statements made in newspaper articles" or other media regarding government proceedings may be entitled to anti-SLAPP protection. Mireskandari v. Daily Mail and General Trust PLC, No. CV 12-2943 MMM (SSx), 2013 WL 12114762 at *5 (C.D. Cal. 2012) (collecting cases); Lieberman v. KCOP, 110 Cal. App. 4th 156, 164 (2003) ("News reports concerning current criminal activity serve important public interests" under statute).

17. Section 425.16(e)(3) extends anti-SLAPP protection to statements "made in a place open to the public or in a public forum in connection with an issue of public interest." Material posted to a website or online publication may be considered "in a public forum." Moreau v. Daily Independent, Inc., 2013 WL 85362 at *4-6 (E.D. Cal. 2013); Nygard, Inc. v. Uusi-Kerttula, 159 Cal. App. 4th 1027, 1037 (2008) (access to newspaper, magazine, or website that can be "purchased and read by members of the public" is the "hallmark of a public forum").

18. The statute also has a "catchall" component at section 425.16(e)(4). That provision extends anti-SLAPP consideration to "any other conduct" in connection with public issues. The state supreme court recently limited the application of the catchall provision. In FilmOn.com Inc. v. DoubleVerify Inc., 7 Cal. 5th 133, 154 (2019), the court expressly stated that the commercial context of a party's speech was relevant to determining whether it "contributes to or furthers the public conversation" regarding the issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

19. Private speech on a specialized topic that is circulated "to a coterie of paying clients" typically does not "enter[ ] the public sphere" and is not intended to do so. Id. at 153. Thus, while such speech may be entitled to protection under other aspects of the statute, the state supreme court clearly limited application of the catchall provision to exclude privately distributed "confidential reports" from anti-SLAPP consideration. Id. at 154.

\* \* \*

20. Under California law, the elements of a claim for libel or defamation of a private figure require a plaintiff to prove that a defendant made a false statement and "failed to use reasonable care to determine the truth or falsity of the statement." CACI § 1704 and notes.

21. However, California Civil Code section 47(c) provides a privilege for, inter alia, commercial speakers who are "requested by the person interested to give the information" that turns out to be false or defamatory. Under the privilege, liable accrues only if it is established that the speaker made the false statement with malice.[3]

22. Malice, in turn, may be established by showing that a speaker had "no reasonable grounds for believing his statements to be true." SDV/ACCI Inc. v. AT&T Corp., 522 F.3d 955, 962 (9th Cir. 2008) (quotation omitted). Malice may be inferred where the speaker acts with "reckless disregard for [the] truth" of the statement. McGrory

---

[3] The privilege under Section 47(c) applies to D&B as a "mercantile agency." Stationers Corp. v. Dun & Bradstreet Inc., 62 Cal. 2d 412, 418 (1965). Plaintiff makes no serious attempt to argue that the statute is inapplicable here. Rather, he offers a half-hearted effort to seek application of Pennsylvania law – which apparently does not include such a conditional privilege – because Mr. Mellinger was located in that state at the time of the misstatement about Dr. Ellis. (Docket # 43-4 at 24-26.)

However, Plaintiff failed to present the full choice-of-law analysis necessary to support this contention. That analysis requires: an examination of the laws of each state; an identification of whether a true conflict exists; and a determination of "which state's interest would be more impaired if its policy were subordinated to the policy of the other state." Senne v. Kansas City Royals Baseball Corp., 934 F.3d 918, 928 (9th Cir. 2019) (quotation omitted). This Court has no need to engage in this full analysis. The Ninth Circuit did so years ago in a defamation action based on similar facts involving out-of-state speakers and a California defamee. The result; California law applies. In re Yagman, 796 F.2d 1165 (9th Cir. 1986).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

v. Applied Signal Technology, Inc., 212 Cal. App. 4th 1510, 1539 n.18 (2013) (noting distinction between statutory and constitutional definitions of malice); Taus v. Loftus, 40 Cal. 4th 683, 721 (2007) ("The malice necessary to defeat a qualified privilege is 'actual malice' which is established by a showing that [ ] the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights.").[4]

23.    The "failure to conduct a thorough and objective investigation, standing alone," is not enough to prove actual malice. Reader's Digest Assoc. v. Superior Court, 37 Cal. 3d 244, 258 (1984). However, proof of a party's lack of belief in the truth of an assertion and its recklessness may be inferred by "accumulation and appropriate inferences"; that is, from the facts and circumstances known to the reporting party. Fisher v. Larsen, 138 Cal. App. 3d 627, 640 (1982); Heineke v. Santa Clara University, 2017 WL 6026248 (N.D. Cal. 2017). When a party does possess reason to doubt the truth of an anticipated statement, a reasonable jury "could find [that party] acted recklessly by not further investigating" the story. Aghmane v. Bank of America, N.A., 696 F. App'x 175, 177-78 (9th Cir. 2017).[5]

## Analysis

24.    The Court easily concludes that D&B made a prima facie showing that this case potentially falls within the California anti-SLAPP statute. D&B is in the business of compiling and distributing business information. Its ability to speak in a manner akin to

---

[4]    Of course, malice also includes subjective hatred or a willingness to injure the aggrieved victim. SDV/ACCI, 522 F.3d at 962. There is no evidence that either D&B or Mr. Mellinger knew or intended to harm Dr. Ellis, and Plaintiff makes no such claim in the action. For this reason, the parties and the Court focus on the "recklessness" formulation of malice discussed below.

[5]    D&B's lawyers cited Aghmane at length and with considerable approval in their pre-hearing briefs. (Docket # 27 at 19; # 47-1 at 24.) At the hearing, though, the Court opined that Aghmane actually supported Plaintiff's contention that summary judgment was not appropriate here. D&B now takes the position that Aghmane is "not entirely accurate" and provides an "incoherent" statement of the law. (Docket # 60 at 2.)

   My suggestion: You tell that to the Ninth Circuit. In the meantime, Aghmane remains a valid and thoughtful (albeit unpublished) decision of this district's reviewing appellate court. Whether the Circuit got it right or wrong (in its legal analysis or its interpretation of the evidence in the case) is for them to decide.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

the traditional news media is not in serious doubt. Its publications / databases are reasonably available in the community. And, as an aggregator of news, D&B regularly conveys reports about police activity and other issues of public interest to potentially wide audiences. Lieberman, 110 Cal. App. 4th at 164.

   25.   By repackaging the local newspaper article about the arrest of the allegedly nasty Dr. Ellis, the company was certainly speaking in connection with a public issue in a public forum.[6] Sections 425.16(e)(2) and (3) allow for expedited anti-SLAPP consideration of Plaintiff's civil complaint. Id.; Nygard, 159 Cal. App. 4th at 1037.

   26.   It's a closer – and, ultimately, unnecessary – call as to whether Section 425.6(e)(4) applies here. As discussed at the hearing, the FilmOn decision makes clear that the catchall provision was not meant to significantly broaden the scope of the anti-SLAPP statute. Rather, it applies as necessary to, well, catch all of the cases that warrant anti-SLAPP protection but slip through the gaps in the statutory scheme. The state supreme court's negative evaluation of privately distributed commercial information in the anti-SLAPP context (even that which could be accessed down the road by the public or subscribers) seems to close the door on this type of assertion. But, given that the Court firmly believes that D&B is entitled to expedited consideration of its claims on summary judgment based on the other components of the statute, any error in this analysis is obviously harmless.

   27.   So, to the summary judgment evaluation we go. D&B kindly makes no effort to defend the accuracy of its reporting here – it admits that the Dr. Ellis associated with the negative Doheny Center report was not the man arrested on child sex charges. The Court presumes that a jury could and would find the D&B statement to be false.

   28.   The key issue is whether D&B acted with malice here. Could a jury find that the company acted with a reckless disregard for the truth about the good Dr. Ellis? Taus, 40 Cal. 4th at 721. The answer is "yes." It is undisputed that D&B personnel knew two important things from the L.A. Times article at the time that Defendant published its adverse report. One, the name of the arrested physician was different than that of the

---

   [6]   The Court gives short shrift to Plaintiff's contention that the creditworthiness of the Doheny Center was of no public interest. (Docket # 43-4 at 15-16.) That wasn't the gist of the D&B bulletin; it obviously was intended to alert the community (and yes, business creditors) that an alleged pedophile was running a large medical practice and treating patients. This is undoubtedly a public issue.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

owner of the Doheny practice. The spelling difference was unquestionably subtle – Jonathon v. Jonathan – but significant. Who among us doesn't instantly notice when your name is misspelled? How about that of a friend, family member, or close co-worker? A jury might fairly conclude that D&B knew, but ignored, the difference between the names in the newspaper article and the company's own records.

29. Two, the article clearly described the arrested physician as a practitioner in Long Beach. Yet, Plaintiff Ellis practices medicine in Beverly Hills, a fact known to D&B through its own records. A Southern California jury could plausibly find a considerable difference between those cities sufficient to inform D&B that there were two separate people involved here. These cities are 30 miles and a world apart. Long Beach is the home to Snoop Dogg, the Grand Prix, and the largest commercial port in the United States. Beverly Hills? For the last 50 years, it's been seared into the consciousness of America as the land of swimming pools and movie stars ("The Beverly Hillbillies"), and celebrities both real and from reality TV. A jury could find D&B reckless for publishing information that did not take these obvious (to the local factfinder) distinctions seriously.

30. If a jury found that D&B possessed but ignored information showing that Plaintiff was not the charged culprit, then the company's failure to look into the matter further takes on greater significance. Fisher, 138 Cal. App. 3d at 640; Aghmane, 696 F. App'x at 177-78. Minimal research (Plaintiff helpfully suggests Google, state record searches, or even a phone call to Dr. Ellis's clinic) would have easily rectified D&B's error. Without engaging in too much hindsight analysis, a jury could plausibly find that the company was reckless in not taking any substantive pre-publication action in light of facts known to it about the identity of Dr. Ellis.

31. Of course, a jury could ultimately conclude that the spelling and geography issues were too minor to demonstrate reckless conduct by the publisher. But, consistent with Rule 56, the Court views the evidence in the light most favorable to the aggrieved Dr. Ellis. D&B knew that the man charged in the child pornography case spelled his name differently than Plaintiff. The company also knew that the man worked in a different city than Plaintiff. Yet, D&B took no steps to investigate the issue. A jury could find this to be recklessness under California law sufficient to defeat the statutory privilege and to support a finding of liability.

32. The Court therefore denies the motion to strike Plaintiff's claims under the state anti-SLAPP statute.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-10077 MRW | Date | November 20, 2019 |
|---|---|---|---|
| Title | Ellis v. Dun & Bradstreet | | |

**Stay of Action**

33. Ninth Circuit precedent allows interlocutory appellate review of the denial of an anti-SLAPP motion as provided under state statute. Batzel v. Smith, 333 F.3d 1018 (9th Cir. 2003); Exeltis USA, Inc. v. First Databank, Inc., 889 F. App'x 486, 487 (9th Cir. 2019) (same). But see Planned Parenthood Federation of America, Inc. v. Center for Medical Progress, 890 F.3d 828, 835-37 (Gould, C.J., concurring) (calling for en banc reconsideration of Batzel, noting that interlocutory appeal of anti-SLAPP denials – but not grants – "leads to an absurd result" and does "not meet the normal collateral order standard"); Travelers Casualty Ins. Co. v. Hirsh, 831 F.3d 1179, 1182 (9th Cir. 2016) (Kozinski, C.J., concurring) (circuit's precedents regarding interlocutory appeals "have not aged with grace"; the 9th Circuit is "standing on the wrong side" of a circuit split on the issue).

34. If, as suggested at the hearing, Defendant wishes to pursue interlocutory review of the Court's decision, it may file a notice of appeal within 14 days of this decision. Fed. R. App. P. 5(d)(1). The Court will take up issues regarding attorneys' fees and scheduling in the action at a later date.